1

2

3

4

5

6

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| 13 BEACHBODY, LLC, et al., | Case No.: 2:15-cv-06452 FMO (PLAx) |
| 14      Plaintiffs, | |
| 15 v. | **PERMANENT INJUNCTION AGAINST DEFENDANTS AAF FREIGHT (LA) CORP., GELS LOGISTICS, INC., ALL ACCESS EXPRESS, INC., AAE LAX, INC., BENSON WAI, XINDI "JOHN" HU, TOM T. LU, AND JUAN XU AND DISMISSAL OF ENTIRE ACTION** |
| 16 AAF FREIGHT (LA) CORP., et al., | |
| 17      Defendants. | |
| 18 | |
| 19 | **Honorable Fernando M. Olguin** |
| 20 | |

21

22

       The Court, pursuant to the Stipulation for Entry of Permanent Injunction and

Dismissal of Entire Action (the "Stipulation"), by and between Plaintiffs

Beachbody, LLC ("Beachbody") and Bose Corporation ("Bose") (collectively,

"Plaintiffs"), and Defendants AAF Freight (LA) Corp., GELS Logistics, Inc., All

Access Express, Inc., AAE Lax, Inc., Benson Wai, Xindi "John" Hu, Tom T. Lu,

and Juan Xu (collectively, "Defendants"), filed concurrently herewith, hereby

ORDERS that a Permanent Injunction shall be and hereby is entered against Defendants in the above-referenced matter as follows:

**I.     PERMANENT INJUNCTION**.  IT IS HEREBY ORDERED that Defendants, including any and all officers, directors, members, agents, servants, employees, partners, corporation, limited liability company, parent company, subsidiary, affiliates, successors, assignees, and any others over which Defendants may exercise control, are hereby restrained and enjoined, pursuant to 15 U.S.C. §1116(a) and 17 U.S.C. §501, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States:  copying, manufacturing, importing, exporting, purchasing, marketing, advertising, offering for sale, selling, receiving, storing, packaging, fulfilling, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiffs' intellectual properties, including but not limited to, the BEACHBODY® (Reg. Nos. 2665151, 2853244, 2862904, and 2873866), FOCUS T25® (Reg. Nos. 4404411 and 4412310), PIYO® (Reg. Nos. 4549501 and 4629995), P90X® (Reg. Nos. 3444723 and 3669400), P90X3® (Reg. No. 4503107), INSANITY® (Reg. Nos. 3696777 and 4049382), 21 DAY FIX® (Reg. Nos. 4506354 and 4580177), and CIZE® (Reg. No. 4860840) word and design marks, the BOSE® (Reg. Nos. 0829402 and 3863254), BETTER SOUND THROUGH RESEARCH® (Reg. No. 1767324), Engineered for Exercise® (Reg. No. 4262660), TRIPORT® (Reg. No. 3060458), STAYHEAR® (Reg. No. 3878139), interwoven white and black cord design mark (Reg. No. 3497786), and contrasting two color swirl pattern cord design mark (Reg. No. 4370745) word and design marks, and/or Beachbody's copyrights in its FOCUS T25 KIT (Reg. No. PA0001935094), PIYO KIT (2014) (Reg. No. PA0001929038), P90X3 Kit (2013) (Reg. No. PA0001902813), INSANITY MAX:30 (Reg. No. PA0001961905), 21 DAY FIX KIT (2014) (Reg. No. PA0001890353), and CIZE KIT (2015) (Reg. No. PA0001979283) exercise kits and DVDs (collectively hereinafter "Plaintiffs'

1  Intellectual Properties").

2       **II.    FORFEITURE OF CURRENT INVENTORY**.  IT IS FURTHER

3  ORDERED that Defendants, including any and all officers, directors, members,

4  agents, servants, employees, partners, corporation, limited liability company,

5  parent company, subsidiary, affiliates, successors, assignees, and any others over

6  which Defendants may exercise control, shall forfeit and deliver to Plaintiffs any

7  products in Defendants' possession, custody, or control bearing or embodying

8  Plaintiffs' Intellectual Properties.  The items affected by this paragraph shall

9  include any accused exercise kits and DVDs and/or headphones currently in

10 Defendants' possession, custody, or control or and any items which come into

11 Defendants' possession after the effective date of this Permanent Injunction.

12      **III.    ENTRY OF THIS PERMANENT INJUNCTION**.  IT IS

13 FURTHER ORDERED that the Court finds there is no just reason for delay in

14 entering this Permanent Injunction against Defendants, and, the Court directs

15 immediate entry of this Permanent Injunction against Defendants. This Permanent

16 Injunction shall be deemed to have been served upon Defendants at the time of its

17 execution by the Court.

18      **IV.    DISMISSAL OF ENTIRE ACTION**.  IT IS FURTHER

19 ORDERED that upon entry of this Permanent Injunction against Defendants, this

20 case shall be dismissed by the Court in its entirety with the Parties bearing their

21 own attorney's fees and costs.

22 / / /

23 / / /

24 / / /

25

26

27

28

1   **V.     <u>RETENTION OF JURISDICTION</u>.**  IT IS FURTHER ORDERED
2   that this Court expressly retains jurisdiction over this matter to enforce any
3   violation of the terms of this Permanent Injunction by Defendants.

4
5       **IT IS SO ORDERED** this 8th day of December, 2016.

6
7                       _____/s/_____
8                       HON. FERNANDO M. OLGUIN
                        District Court Judge of the United States
9                       Central District of California
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PERMANENT INJUNCTION AND DISMISSAL**